## CIRCUIT COURT OF CLARKE COUNTY

Alexis Castillo

v.

Andres Sanchez Juarez

May 9, 1991

Case No. (Law) L90-2226

BY JUDGE JAMES L. BERRY

This suit was filed February 20, 1990, by the Plaintiff, seeking to recover certain sums from the Defendant, a resident of Mexico. Service was effected under the Virginia Long Arm Statute, Code § 8.01-328.1(A)(1) alleging a cause of action arising from the Defendant's transacting any business in this Commonwealth.

Counsel for the Defendant entered a special appearance for the purpose of moving to quash the service of process on the ground that the Defendant had no sufficient contacts with the Commonwealth of Virginia to warrant the exercise of personal jurisdiction over him. A hearing was held on November 13, 1990, on Defendant's motion to quash, at which Plaintiff's mother and business associate, Mary Ann Larsen, testified.

Because of some considerable confusion between the dates alleged in the Motion for Judgment and the dates of events testified to, Plaintiff was granted leave to file an Amended Motion for Judgment which was done on December 18, 1990. Review of the Amended Motion for Judgment, Plaintiff's memorandum and the evidence adduced at the November 13, 1990, hearing, particularly that of previous transactions between the parties spanning some eight to ten years, convinces this Court that the Amended Motion for Judgment encompasses not one continuing transaction but rather alleges four separate transactions.

The burden is on the Plaintiff to show sufficient purposeful activity in Virginia by the Defendant to satisfy due process.

The first cause of action pleaded is that for "extras" associated with the sale of Winston and Chopin as contained in paragraphs 1, 2, and 3 of the Amended Motion for Judgment. Assuming, without deciding, that the Plaintiff has shown sufficient purposeful activity in Virginia in connection with the purchase of Winston and Chopin, this would appear to be a "done deal," the negotiations and terms of which did not include the "extras" alleged. These appear to be a separate transaction. According to the Amended Motion for Judgment, "in April, 1989, Defendant was advised that there would be an additional charge to be paid by him to Plaintiff for . . . ." There is neither allegation nor evidence of purposeful activity in Virginia by the Defendant to support *in personam* jurisdiction by this Court of this cause of action.

The second cause of action alleged in the Amended Motion for Judgment is contained in paragraph 4 thereof concerning the purchase of additional horses. There has simply been no sufficient allegation or offer of proof of the contacts involved or of the formation or terms of any contract as to this cause of action from which the Court can find sufficient purposeful activity in Virginia by the Defendant. Both *Processing Research, Inc. v. Larson*, 686 F. Supp. 119 (E.D. Va. 1988), and *Unidyne Corp. v. Aerolineas Argentinas*, 640 F. Supp. 354 (E.D. Va. 1985), cases cited by the Defendant, observe that "mere telephone conversations, telexes and letters negotiating a transaction" do not suffice.

The third cause of action alleged is contained in paragraphs 5 and 6 of the Amended Motion for Judgment and involves the training of Winston and Chopin and Defendant's daughter in Mexico. The Court recalls no evidence whatsoever being offered regarding this training trip or any underlying contract therefor.

The last cause of action alleged involves the sale of Peregrin as contained in paragraph 7 of the Amended Motion for Judgment. Contrary to Plaintiff's memorandum statement of facts, Mrs. Larsen testified that while she was acting on behalf of the Plaintiff at a breakfast meeting with the Defendant in Mexico City in April, 1988 [sic], the Defendant asked that the Plaintiff act as U.S. agent to sell Peregrin. The horse was to be sold in Mexico and prospects were to travel to Mexico to see it. It is obvious from this evidence that Defendant engaged in no purposeful activity in Virginia regarding this cause of action.

Accordingly, Defendant's Motion to Quash Service of Process will be sustained and the Amended Motion for Judgment will be dismissed, without prejudice.